UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CATHY WILLIS,                                                                                      Plaintiff,

v.                                                                         Civil Action No. 3:15-cv-812-DJH

WILLIE MCGHEE, et al.,                                                                      Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Cathy Willis requests that the Court remand her case to the Jefferson Circuit Court. (Docket No. 5) She claims that the defendants untimely removed the case. (*Id.*, PageID # 88). The Court disagrees and will deny Willis's motion.

Defendants have thirty days to file a notice of removal "after receipt by or service on that defendant of the initial pleading." 28 U.S.C. § 1446(b)(2)(B). But the thirty days only run "if the initial pleading contains solid and unambiguous information that the case is removable." *Berera v. Mesa Med. Group, PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). If not, then "the defendant must file the notice of removal 'within 30 days after receipt . . . of a copy of an amended pleading, motion, order or *other paper*' that contains solid and unambiguous information that the case is removable." *Id.* (quoting 28 U.S.C. § 1446(b)(3) (emphasis added)). The Sixth Circuit has held that answers to interrogatories count as "other paper." *Id.* at 365 (internal quotations omitted).

The defendants timely removed the case after receiving the plaintiff's answer to interrogatories on October 1, 2015. (D.N. 1-2, PageID # 67; D.N. 8, PageID # 164) Willis contends that the complaint established an amount in controversy exceeding $75,000. (D.N. 5, PageID # 88) The Court disagrees. The complaint alleges that the plaintiff was injured in a car

1

accident. (D.N. 1-1) It also lists categories of damages typical in personal injury cases. (*See id.*, PageID # 17) But the amount in controversy in personal injury cases can vary widely depending on the extent of the plaintiff's injuries. Consequently, the complaint does not contain "solid and unambiguous information that the case was removable." *Berera*, 779 F.3d at 364.

Willis's answer to the defendants' interrogatories, however, does contain sufficient information. (D.N. 1-2) In her answers, she states the amount she seeks for each damage category. (*Id.*, PageID # 66-68) The amounts sought exceed the $75,000 threshold to remove the case under 28 U.S.C. §§ 1441 and 1446. And because interrogatories are "other paper," the defendants' removal of this case within 30 days after receiving these answers satisfies 28 U.S.C. § 1446(b)(2)(C)(3). *Berera*, 779 F.3d at 364-65.

Finally, Willis argues that the defendants failed to comply with 28 U.S.C. § 1446(a) by not attaching all of the necessary documents from the state court action. (D.N. 5, PageID # 89) The defendants contend that they attached the entire state court file. (D.N. 8, PageID # 165) The Court concludes that defendants' submissions (D.N. 1-1) are sufficient. Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** that Plaintiff's motion to remand (D.N. 5) is **DENIED**.

January 8, 2016

**David J. Hale, Judge**
**United States District Court**